IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LEWIS A. HENDERSON,<br><br>            Plaintiff,<br>vs.<br><br>UNITED STATES AIR FORCE, DMAFB,<br><br>            Defendant. | No. CV06-0323-TUC-FRZ (BPV)<br><br>**REPORT AND RECOMMENDATION** |

Currently pending before this Court is Defendants' Motion to Dismiss Complaint in Part, filed on August 28, 2006, along with Exhibits A and B. On October 30, 2006, Plaintiff filed an Opposition to Defendants' Motion to Dismiss with Exhibits A through V attached. On December 7, 2006, Defendants filed a reply. For reasons which follow, the Magistrate Judge recommends that the District Court GRANT Defendants' Motion to Dismiss in Part.

**Procedural Background**

Plaintiff is a civil service employee of the United States Air Force and Davis-Monthan Air Force Base. (Complaint, ¶ 3.)

On June 27, 2006, Plaintiff filed a Complaint in the United States District Court invoking the jurisdiction of the Court pursuant to "the Privacy Act 1974 552a(g)(1)(D). (Complaint, ¶ 1)

Plaintiff contends that the Defendants failed to keep confidential and properly safeguard information as it relates to the IAW Air force Civilian Drug Testing Agreement. (Complaint, ¶ 7.)

Plaintiff also alleges that he was not properly informed that his position was subject to drug testing, that he was required to test twice in one month, and that Defendants attempted to deal with him directly without a union representative, all in violation of the bargaining agreement. (Complaint, ¶ ¶ 8, 9, 11.) Plaintiff seeks compensatory and punitive damages in the amount of 2 million dollars. (Complaint, ¶ 18, p. 4.)

**Discussion**

Defendants' Position

Defendants move to have the Court dismiss the Plaintiff's collective bargaining agreement claims for lack of subject matter jurisdiction. Defendants assert that federal courts have no power to review federal personnel decisions and procedures unless such review is expressly authorized by Congress.

Plaintiff's Position

Plaintiff argues that he pursued administrative remedies through the grievance procedure, and, through no fault of his own, was denied the ability to seek arbitration, and thus, the claim is now ripe for judicial review.

**Analysis**

Motion to Dismiss in Part

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, dismissal is appropriate when the court lacks subject matter jurisdiction over a claim. Fed. R. Civ. P. 12(b)(1). When considering a motion to dismiss pursuant to Rule 12(b)(1), the district court may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.1988), *cert. denied*, 489 U.S. 1052, 109 S.Ct. 1312, 103 L.Ed.2d 581 (1989); *See, e.g., Land v. Dollar*, 330 U.S. 731, 735 n.4, 67 S.Ct. 1009, 1011 n.4 (1947) ("when a question of the District Court's jurisdiction is raised ... the court may inquire by affidavits or otherwise, into the facts as they exist.").

1	"Federal courts are not courts of general jurisdiction; they have only that power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331 (1986) (citing *Marbury v. Madison*, 1 Cranch (5 U.S.) 137, 173-180, 2 L.Ed. 60 (1803). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994) (*citations omitted*).

The claims in this case are in essence against the federal government, and are thus barred by sovereign immunity unless the government has consented to suit, *United States v. Mitchell*, 463 U.S. 206, 103 S.Ct. 2961, 2965 (1983); and there is a substantive basis for relief, *Leath v. Stetson*, 686 F.2d 769, 771 (9th Cir. 1982).

Contract claims against the United States are controlled by the Tucker Act, 28 U.S.C. § 1491. The district courts and the Court of Claims have concurrent jurisdiction over Tucker Act claims. 28 U.S.C. § 1346(a)(2). Where a claim is for an amount in excess of $10,000, however, the Court of Claims has exclusive jurisdiction. *See id.*; 28 U.S.C. § 1491.

Plaintiff alleges jurisdiction under the Privacy Act. (Complaint, p.1)   The Privacy Act, however, does not provide a jurisdictional basis for Plaintiff's contractual claims, neither does it act to waive sovereign immunity over Plaintiff's contractual claims.  Plaintiff responds to Defendants' Motion to Dismiss by alleging jurisdiction under 28 U.S.C. § 1346(b)(1) (Federal Tort Claims Act). (Plaintiff's Opposition, p.9.) The substance of the Complaint, and not Plaintiff's characterization, defines this Court's jurisdictional review; see *Mendenhall v. Kusicko*, 857 F.2d 1378, 1378-79 (9th Cir. 1988) cf. *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 967 (D.C. Cir. 1982); and Plaintiff's claims based on violations of the collective bargaining agreement sound in contract.

- 3 -

Neither this Court, however, nor the Court of Federal Claims has jurisdiction to grant declaratory or injunctive relief when exercising jurisdiction under the Tucker Act. *North Side Lumber Co. v. Block*, 753 F.2d 1482, 1485 (9th Cir. 1985). This limitation goes so far as to preclude § 702 (Administrative Procedure Act) waivers of sovereign immunity for claims that are not for money damages, in which an adequate remedy is not available elsewhere, and in which claims do not seek relief expressly or impliedly forbidden by another statute. *Tucson Airport Auth. v. General Dynamics Corp.*, 136 F.3d 641 (9th Cir. 1998).

Plaintiff has alleged no monetary damages arising from a breach of the CBA. Thus, Plaintiff has failed demonstrate a waiver of sovereign immunity as to these claims, and this Court is without jurisdiction to review them. In light of the foregoing, this Court recommends that the District Judge, after its independent review, GRANT Defendants' Motion to Dismiss Complaint in Part for lack of subject matter jurisdiction for the reasons stated above. (Doc. No. 14).

Alternatively, this Court addresses Defendants' argument that Plaintiff's CBA claims are precluded under the CSRA, and finds that, should the District Court find a waiver of sovereign immunity, Plaintiff's CBA claims are precluded.

The district court is prohibited from exercising subject matter jurisdiction when it is determined that Congress intended to preclude review. *Thunder Basin Coal, Co. v. Reich*, 510 U.S. 200, 207 (1994).

The Civil Service Reform Act ("CSRA"), enacted in 1978, created an elaborate framework for evaluating adverse personnel decisions, established standards for review of such actions by the Merit Systems Protection Board ("MSPB"), and provided for judicial review of MSPB decisions in the Court of Claims or in the regional courts of appeals." *Lindahl v. OPM*, 470 U.S. 768, 774 (1985). It is "an integrated scheme of administrative and judicial review, designed to balance the legitimate interests of the

various categories of federal employees with the needs of sound and efficient administration." See *United States v. Fausto*, 484 U.S. 439, 444, 108 S.Ct. 668 (1988)

In deciding questions of jurisdiction and preclusion, the Supreme Court has determined that this Court must first ascertain where Plaintiff's claims fit within the statutory scheme, as the CSRA provides different treatment for grievances depending on the nature of the claim. *Whitman v. Dep't. of Transp.*, ___ U.S. ___ , 126 S.Ct. 2014, 2015 (2006).

Defendants, at this point, do not argue that jurisdiction is precluded over Plaintiff's Privacy Act claims.[1] Defendants are challenging this Court's subject matter jurisdiction over Plaintiff's claims arising out of the alleged violations of the collective bargaining agreement ("CBA").  The claims that this Court has determined arise directly out of the CBA are (1) Plaintiff's allegations that he was not properly informed that his position was subject to drug testing, (2) that he was required to test twice in one month, and (3) that Defendant attempted to deal with him directly without a union representative.  (Complaint, ¶ ¶ 8, 9, 11.)

---

[1] It does appear that Plaintiff did elect to raise his Privacy Act claims in the grievance procedure as set forth under the CSRA. The Ninth Circuit Court of Appeals decision in *Orsay v. United States Department of Justice*, 289 F.3d 1125 (9th Cir. 2202), raises the issue of whether or not the CSRA would thus preclude judicial review of his Privacy Act claims.  Although the issue was not raised in Defendants' Motion, it was raised in the Reply, and, under Fed.R.Civ.P. 12(h)(3), this Court has the power to bring a motion to dismiss for lack of subject matter jurisdiction of its own accord at anytime where jurisdiction is not available to the litigants.  Accordingly, this Court recommends that the District Court, after it issues its decision on this Report and Recommendation, refer this case back to the Magistrate Judge for further briefing on this issue.

Unlike the claims in *Whitman*, the claims at issue in this motion arise solely from allegations of violations of the CBA, and thus, fall squarely under the Congressional preclusion established by the CSRA:

> Except as provided in paragraph (2) of this subsection, any collective bargaining agreement shall provide procedures for the settlement of grievances, including questions of arbitrability. Except as provided in subsections (d), (e), and (g) of this section, the procedures shall be the exclusive administrative procedures for resolving grievances which fall within its coverage.

5 U.S.C.A. § 7121(a).

Subsection 2 allows the CBA to exclude any matter from the application of the grievance procedure which is provided for in the agreement. 5 U.S.C.A. § 7121(a). Subsections (d), (e), and (g), pertain to the election of remedies when the grievance involves "prohibited personnel practices" as set forth under 5 U.S.C. § 2302(b), 5 U.S.C. § 4303, and 5 U.S.C. § 7512. Plaintiff's CBA claims do not invoke these "prohibited personnel practices," and, thus, Plaintiff proceeds under 5 U.S.C. § 7121(a) and the terms and scope of the CBA.

Defendants assert that Plaintiff is subject to the Labor Management Relations Agreement Between Davis-Monthan AFB, Arizona and Local 2924 American Federation of Government Employees ("LMA", Doc. No. 14, Ex. A). (Doc. No. 14, p.6.) Article 30 of the LMA details the grievance procedure of the CBA. Section 2, of Article 30 describes the scope of the CBA, and includes grievances concerning: "(1) Any matter relating to the employment of an employee, ..." and (2) any "claimed violation, misinterpretation, or misapplication of this Agreement, or any supplement to this Agreement, or any law, rule, or regulation affecting conditions of employment." The claims made by Plaintiff under the CBA do not fall into the exceptions of the LMA, found at Article 30, Section 2, paragraph b, and thus are subject to the grievance procedures of the LMA.

1  Step 1 of the grievance requires that "any grievance shall first be taken up orally
2 or in writing by the concerned employee ... with the immediate supervisor ... with
3 authority to render a decision."   (LMA, Art.30 § 7, Step 1.)  If the grievance is not
4 resolved satisfactorily at Step 1, the employee, or representative, may, at Step 2, submit
5 the matter in writing to the next level of supervision. (LMA, Art.30 § 7, Step 2.)  If not
6 settled at Step 2, the employee and/or representative may submit the grievance to the
7 Support Group Commander for further consideration at Step 3. (LMA, Art.30 § 7, Step
8 3.) "If the grievance is not satisfactorily settled to the aggrieved party's satisfaction at
9 Step 3, the Union or the Employer may refer the matter to Arbitration."  (LMA, Art.30
10 § 7, Step 4.)

11  Plaintiff raised his concerns in a letter to "Whom it May Concern" dated October
12 7, 2005.  Regarding the three claims he raises as they relate to the CBA, only one of
13 those claims, that he was tested twice in one month, was alluded to in that letter, but not
14 directly raised as a violation. (Plaintiff's Opposition to Defendant's Motion to Dismiss,
15 Ex. M., Recommended Resolution, paragraphs (a) and (f.).)

16  Victor Cruz, Branch Chief, MANR responded to Plaintiff's complaint,
17 identifying three items, paragraphs (b.), (e.), and (f.) for review and disposition. (Id.,
18 Ex. P.)  Branch Chief Cruz informed Plaintiff, in writing, that there was no record for
19 a second test for him in December, 2004; that, from time to time, an employee will be
20 randomly selected and in some cases receive letters more than once but will not be
21 required to test more than once, but that the drug test process is random, and that
22 individuals are not singled out absent a work related incident and Plaintiff's situation
23 was standard operating procedure.  (Id.)

24  After meeting with Plaintiff and his representative, on March 16, 2006, Colonel
25 Cesar A. Rodriguez denied Plaintiff's grievance at Step 3, and memorialized the
26 outcome in a memorandum dated April 10, 2006.  The memo states that Plaintiff had

27
28

raised the issue that he had not received written notification that he was occupying a Testing Designated Position.  (Id., Ex. U.)

Plaintiff attempted thereafter to pursue the case through arbitration, however, his Union would not pursue the case beyond the Step 3 Grievance.  (Id., Ex. T and Plaintiff's Opposition to Defendant's Motion to Dismiss, p. 8)  The minutes from the meeting indicate that the problems with pursing the case further were the "evidence for the amount of damage that Mr. Lewis received as result of the incident and the partial remedy already received at the Step 3 Grievance."  (Id.)  These issues were identified as reasons why it would be difficult to win in arbitration.  (Id.)

Because Plaintiff is a member of the bargaining unit and since the resolution of his claims are subject to the exclusive grievance procedures enunciated in the CBA, this Court holds that it is without jurisdiction to decide Plaintiff's claims that his employer violated the CBA.

That Plaintiff failed to exhaust his CBA claims, by failing to raise them in the grievance procedure at all, or by failing to raise them throughout the final step of arbitration, whether his fault, or whether it was caused by the lack of fair representation in the grievance process, is irrelevant.  Had Plaintiff fully exhausted his claims, he would not have been entitled to judicial review under the CSRA.  See 5 U.S.C. § 7121(a)(1).

**Recommendation**

This Court recommends that the District Judge, after its independent review, GRANT Defendants' Motion to Dismiss Complaint in Part. (Doc. No. 14).

This Court further recommends that the District Court refer this case back to the Magistrate Judge in order to establish a briefing schedule and submit a Report and Recommendation as to this Courts subject matter jurisdiction over the remaining Privacy Act claims.

- 8 -

Pursuant to Title 28 U.S.C. § 636(b), any party may serve and file written objections within 10 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: CIV 06-323-TUC-FRZ.

DATED this 23rd day of April, 2007.

_____
Bernardo P. Velasco
United States Magistrate Judge

- 9 -