IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lewis J. Henderson, ) | No. CIV 06-323-TUC-FRZ |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| United States Air Force, DMAFB, ) | |
| Defendant. ) | |

## I. BACKGROUND

Pending before the Court is Defendant's partial motion to dismiss Plaintiff's claims stemming from a collective bargaining agreement ("CBA"). United States Magistrate Judge Bernardo P. Velasco issued a Report and Recommendation on April 24, 2007. In that Report and Recommendation, Magistrate Judge Velasco recommended granting Defendant's partial motion to dismiss due to lack of jurisdiction over the CBA claims.

Pursuant to 28 U.S.C. §636(b), the Report and Recommendation stated that any party could file written objections to the Report and Recommendation within 10 days of being served with the Report and Recommendation, and that if objections are not timely filed, they may be deemed waived. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Plaintiff filed

objections to the Report and Recommendation on May 11, 2007. Defendant filed a response to those objections on May 24, 2007.[1]

## II. **STANDARD OF REVIEW**

The Court reviews de novo the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

## III. **DISCUSSION**[2]

### A. Plaintiff's Objections

Plaintiff's objections consist of one short paragraph. *See* Doc. #27 (Plaintiff's Objections at 1). Plaintiff argues that his claims stemming from the CBA are properly before the Court as they are not contract claims, but sound in tort such that the Court has jurisdiction over these claims under the Federal Tort Claims Act ("FTCA"). The Report and Recommendation considered these arguments and properly found that jurisdiction was lacking. The Report and Recommendation stated in relevant part:

> "Federal courts are not courts of general jurisdiction; they have only that power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331 (1986) (citing *Marbury v. Madison*, 1 Cranch (5 U.S.) 137, 173-180,

---

[1] Plaintiff purported to file a "reply" to Defendant's response on June 6, 2007. However, neither 28 U.S.C. § 636(b)(1) or Rule 72 calls for or otherwise permits a reply. Rather, Plaintiff was only permitted to file objections within 10 days of being served with the Report and Recommendation, and Defendant had 10 days to respond to those objections. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72. As such, Plaintiff's "reply" is not properly before the Court, and to the extent it seeks to raise arguments or objections not encompassed by the objections filed on May 11, 2007, those arguments and objections are untimely and are deemed waived. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72; Report and Recommendation at 9 (untimely objections may be deemed waived).

[2] As the Report and Recommendation throughly discusses the facts and law pertinent to the partial motion to dismiss, the Court will not repeat that entire discussion. Rather, the relevant facts and law will be addressed only to the extent necessary to resolve the specific objections filed by Plaintiff.

- 2 -

> 2 L.Ed. 60 (1803). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994) (*citations omitted*).
>
> The claims in this case are in essence against the federal government, and are thus barred by sovereign immunity unless the government has consented to suit, *United States v. Mitchell*, 463 U.S. 206, 103 S.Ct. 2961, 2965 (1983); and there is a substantive basis for relief, *Leath v. Stetson*, 686 F.2d 769, 771 (9th Cir. 1982).
>
> Contract claims against the United States are controlled by the Tucker Act, 28 U.S.C. § 1491. The district courts and the Court of Claims have concurrent jurisdiction over Tucker Act claims. 28 U.S.C. § 1346(a)(2). Where a claim is for an amount in excess of $10,000, however, the Court of Claims has exclusive jurisdiction. *See id.*; 28 U.S.C. § 1491.
>
> Plaintiff alleges jurisdiction under the Privacy Act. (Complaint, p.1) The Privacy Act, however, does not provide a jurisdictional basis for Plaintiff's contractual claims, neither does it act to waive sovereign immunity over Plaintiff's contractual claims. <u>Plaintiff responds to Defendants' Motion to Dismiss by alleging jurisdiction under 28 U.S.C. § 1346(b)(1) (Federal Tort Claims Act)</u>. (Plaintiff's Opposition, p.9.) <u>The substance of the Complaint, and not Plaintiff's characterization, defines this Court's jurisdictional review</u>; see *Mendenhall v. Kusicko*, 857 F.2d 1378, 1378-79 (9th Cir. 1988) cf. *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 967 (D.C. Cir. 1982); <u>and Plaintiff's claims based on violations of the collective bargaining agreement sound in contract</u>.
>
> Neither this Court, however, nor the Court of Federal Claims has jurisdiction to grant declaratory or injunctive relief when exercising jurisdiction under the Tucker Act. *North Side Lumber Co. v. Block*, 753 F.2d 1482, 1485 (9th Cir. 1985). This limitation goes so far as to preclude § 702 (Administrative Procedure Act) waivers of sovereign immunity for claims that are not for money damages, in which an adequate remedy is not available elsewhere, and in which claims do not seek relief expressly or impliedly forbidden by another statute. *Tucson Airport Auth. v. General Dynamics Corp.*, 136 F.3d 641 (9th Cir. 1998).
>
> Plaintiff has alleged no monetary damages arising from a breach of the CBA. Thus, Plaintiff has failed [to] demonstrate a waiver of sovereign immunity as to these claims, and this Court is without jurisdiction to review them. In light of the foregoing, this Court recommends that the District Judge, after its independent review, GRANT Defendants' Motion to Dismiss Complaint in Part for lack of subject matter jurisdiction for the reasons stated above. (Doc. No. 14).

*See* Report and Recommendation at 3-4 (emphasis added).[3] Alternatively, the Report and Recommendation also properly found that Plaintiff's claims were barred by the Civil Service Reform Act ("CSRA") as he failed to properly exhaust his claims pursuant to the CBA. *See* Report and Recommendation at 3-9. Accordingly, Plaintiff's objections are denied.

---

[3] Defendant also correctly argues that Plaintiff's FTCA argument is without merit as he failed to plead the FTCA as a jurisdictional basis for relief, has not affirmatively alleged that he timely exhausted any FTCA adminstrative claim, no FTCA administrative claim has been located, and he has not sued the United States who is the only correct defendant for such a lawsuit. *See Kennedy v. United States Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998); *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980); 28 U.S.C. §2679(a).

**B. Remaining Issues**

As to the remaining issues that were not objected to by the parties, the Court has reviewed the entire record and concludes that Magistrate Judge Velasco's recommendations are not clearly erroneous. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

**IV. <u>CONCLUSION</u>**

Accordingly, IT IS HEREBY ORDERED as follows:

(1) United States Magistrate Judge Velasco's Report and Recommendation (Doc. #26) is **accepted and adopted**.

(2) Defendant's partial motion to dismiss (Doc. #14) is **granted**.[4]

(3) As further issues remain to be briefed and resolved in this case, Magistrate Judge Velasco recommended that the Court refer this case back to him. As such, this case is **referred back to Magistrate Judge Velasco** for all pretrial proceedings and report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1), FED.R.CIV.P. 72, and LRCiv 72.1, 72.2, and 72.3 of the Rules of Practice of the United States District Court for the District of Arizona.

DATED this 17th day of July, 2007.

FRANK R. ZAPATA
United States District Judge

---

[4] The Court notes that Plaintiff filed a motion to strike a declaration filed with Defendant's response to Plaintiff's objections. Plaintiff argues that the declaration must be stricken pursuant to FED.R.CIV.P. 15(a). Rule 15(a), however, pertains to amendments of pleadings and provides no valid basis to strike the declaration at issue. As such, Plaintiff's motion to strike (Doc. #32) is denied.