IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LEWIS A. HENDERSON,<br><br>           Plaintiff,<br><br>vs.<br><br>UNITED STATES AIR FORCE, DMAFB,<br><br>           Defendants. | No.  CV 06-0323-TUC-FRZ (BPV)<br><br>**REPORT AND RECOMMENDATION** |

On August 28, 2007 this Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. On September 28, 2007, Plaintiff filed a Response to the Order to Show Cause with Exhibits A through G attached. On October 30, 2007, Defendants filed a reply. For reasons which follow, the Magistrate Judge recommends that the District Court DISMISS Plaintiff's Privacy Act claim for lack of subject matter jurisdiction.

**I.    PROCEDURAL BACKGROUND**

Plaintiff is a civil service employee of the United States Air Force and Davis-Monthan Air Force Base. (Complaint, ¶ 3.)

On June 27, 2006, Plaintiff filed a Complaint in the United States District Court invoking the jurisdiction of the Court pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a. (Complaint, ¶ 1.)

Plaintiff contends that the Defendants failed to keep confidential and properly safeguard information as it relates to the IAW Air Force Civilian Drug Testing Agreement. (Complaint, ¶ 7.)

Plaintiff also alleged jurisdiction on other grounds, which the District Court has already dismissed. Order Granting Mot. To Dismiss in Part (July 20, 2007). Plaintiff seeks compensatory and punitive damages in the amount of 2 million dollars. (Complaint, ¶ 18, p. 4.)

## II.  DISCUSSION

### A.  Defendants' Position

Defendants assert that Plaintiff's Privacy Act claim lacks subject matter jurisdiction, and that the Court should dismiss. Defendants assert that the Privacy Act does not vest federal courts with the power to review personnel decisions where the Civil Service Reform Act precludes such review.

### B.  Plaintiff's Position

Plaintiff asserts that the court has subject matter jurisdiction pursuant to the Privacy Act and 5 U.S.C. §§ 1331 and 1346.

### C.  Analysis

#### 1.  *Raising Lack of Subject Matter Jurisdiction*

Plaintiff asserts that raising lack of subject matter jurisdiction must occur by motion of the Defendant, pursuant to Fed. R. Civ. P. 12(b). Pl.'s Resp. to Order to Show Cause p. 2 (September 28, 2007).

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, dismissal is appropriate when the court lacks subject matter jurisdiction over a claim. Fed. R. Civ. P. 12(b)(1). Defendants' failure to raise lack of subject matter jurisdiction in any pre-Answer Motion or Answer does not waive the right to raise such a defense later. Lack of subject matter jurisdiction may be raised whenever it "appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, [and accordingly] the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

A district court can raise lack of subject matter jurisdiction on its own accord. Fed. R. Civ. P. 12(h)(3). Federal courts are always "under an independent obligation

- 2 -

1 to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231
2 (1990), and a federal court may not entertain an action over which it has no jurisdiction.
3 *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S.
4 694, 701 (1982); *see also Magana v. Commonwealth of N. Mariana Islands*, 107 F.3d
5 1436, 1443 (9th Cir. 1997).

6       Assuming that even if the court could not dismiss this action on its own,
7 Defendants nevertheless raised lack of subject matter jurisdiction in the Reply to
8 Plaintiff's Response to Motion to Dismiss in Part. (¶ 2). This constitutes a "suggestion"
9 that the court lacks subject matter jurisdiction pursuant to Federal Rules of Civil
10 Procedure 12(h)(3). Under either circumstance, the court may dismiss this case of its
11 own accord if Plaintiff cannot show subject matter jurisdiction.

12               2.     *Subject Matter Jurisdiction*

13       Plaintiff asserts that his Privacy Act claim falls under the courts subject matter
14 jurisdiction because 5 U.S.C. § 552a (g)(1) confers such jurisdiction to the district
15 courts, providing that an aggrieved "individual may bring a civil action against the
16 [aggrieving] agency, and the district courts of the United States shall have jurisdiction."
17 5 U.S.C. § 552a (g)(1). Plaintiff also asserts that the district court has subject matter
18 jurisdiction pursuant to 28 U.S.C. § 1331, which provides that the "district courts shall
19 have original jurisdiction of all civil actions arising under the Constitution, laws or
20 treaties of the United States." 28 U.S.C. § 1331.

21       "Federal courts are not courts of general jurisdiction; they have only that power
22 that is authorized by Article III of the Constitution and the statutes enacted by Congress
23 pursuant thereto." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106
24 S.Ct. 1326, 1331 (1986) (citing *Marbury v. Madison*, 1 Cranch (5 U.S.) 137, 173-180,
25 2 L.Ed. 60 (1803)). "It is to be presumed that a cause lies outside this limited
26 jurisdiction, and the burden of establishing the contrary rests upon the party asserting
27 jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)
28

(citations omitted). Where Congress intends to preclude judicial review by statute, district courts may not exercise subject matter jurisdiction over a claim. *Thunder Basin Coal, Co. v. Reich*, 510 U.S. 200, 207 (1994).

### 3. *Civil Service Reform Act*

The Civil Service Reform Act ("CSRA"), enacted in 1978, is an integrated scheme of administrative and judicial review, designed to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration." *See United States. v. Fausto*, 484 U.S. 439, 444. 108 S.Ct. 668 (1988).

In deciding questions of jurisdiction and preclusion, the Supreme Court has determined that this Court must first ascertain where Plaintiff's claims fit within the statutory scheme as the CSRA provides different treatment for grievances depending on the nature of the claim. *Whitman v. Dep't of Trasnsp.*, 547 U.S. 512, 514, 126 S.Ct. 2014, 2015 (2006).

The CSRA states that "any collective bargaining agreement ("CBA") shall provide procedures for the settlement of grievances . . . . [T]he procedures shall be the exclusive administrative procedures for resolving grievances which fall within its coverage." 5 U.S.C. § 7121(a)(1) (abbreviation added). The CSRA provides exceptions to these procedures, most relevant to the present case where the conduct of the agency falls within the scope of the CSRA's "prohibited personnel practices." 5 U.S.C. § 7121(d) is controlling where the "prohibited personnel practices" are traditionally discriminatory in nature, which is not the case here as it pertains to the Privacy Act claim. Where all other "prohibited personnel practices" are concerned, 5 U.S.C. § 7121(g) is controlling. Pursuant to § 7121(g), a claimant may elect only one of the following remedies: an appeal to the Merit Systems Protection Board, a negotiated grievance procedure, or procedures under the Office of Special Counsel. 5 U.S.C. § 7121(g)(2)-(3). None of these remedies include judicial review. If the conduct of the

1 agency is characterized by non-discriminatory prohibited personnel practices "then the
2 CSRA's administrative procedures are [a claimant's] only remedy, and the federal
3 courts cannot resolve [a claimant's] claim under the Privacy Act . . . ." *Orsay v. U.S.*
4 *Dept. of Justice*, 289 F.3d 1125, 1128 (9th Cir. 2002).

5 In this case, the conduct of the Defendants alleged by Plaintiff's Privacy Act
6 claim would constitute a prohibited personnel practice. The Defendants' alleged failure
7 to maintain records of the Plaintiff, and alleged failure to comply with other provisions
8 of the Privacy Act constitute "personnel actions" that were not made with proper regard
9 to privacy rights.  As such these alleged actions are "prohibited personnel practices,"
10 triggering the provision of 5 U.S.C. § 7121(g)(2)-(3), which does not allow judicial
11 review as a remedy.

12 Even if the alleged conduct of the Defendants did not constitute a "prohibited
13 personnel practices," subject matter jurisdiction is nevertheless thwarted by 5 U.S.C.
14 § 7121(a)(1), which provides that the CBA provides the exclusive procedures for
15 remedying any grievances.

16 The CBA in this case is the Labor Management Agreement between
17 Davis-Montham Air Force Base and the American Federation of Government
18 Employees, Local 2924. The CBA is applicable to Plaintiff, and it provides that the
19 grievance procedure contained therein is the "exclusive procedure available to the
20 Union and the employees in the bargaining unit for resolving such grievances except
21 as provided in Section 4 of this Article." (Exhibit A, Def.'s Reply to Order to Show
22 Cause, Art. 30, Sec. 3.).  The exception in Section 4 is for a "prohibited personnel
23 procedure." Under such an exception, an employee may elect to raise the matter under
24 the negotiated grievance procedure, or under a statutory appellate procedure but not
25 both.  Once an employee files a grievance in writing under the negotiated grievance
26 procedure, the employee is considered to have exercised his/her option, and the other
27 procedure is unavailable. Id. at Section 4.  This exception does not apply here.

28

- 5 -

Thus, whether this Court characterizes Defendant's alleged conduct as a "prohibited personnel practice" is immaterial. If the alleged conduct does constitute a "prohibited personnel practice" then 5 U.S.C. § 7121(g) is controlling and there can be no judicial review, and thus the district court has no subject matter jurisdiction over this dispute. If the alleged conduct does not constitute a "prohibited personnel practice" then 5 U.S.C. § 7121(a)(1) is controlling and the CBA, which does not allow for judicial review, provides the exclusive remedy of the negotiated grievance procedure. Following either path, this Court does not have subject matter jurisdiction over Plaintiff's Privacy Act claim.

## III.  RECOMMENDATION

This court recommends that the District Judge, after its independent review, DISMISS Plaintiff's Privacy Act Claim for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within ten days after being served with a copy thereof. Fed.R.Civ.P. 72(b). If objections are filed, the parties should use the following case number: **CV 06-323-TUC-FRZ.**

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*).

DATED this 31st day of July, 2008.

_____
Bernardo P. Velasco
United States Magistrate Judge

- 6 -