IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lewis A. Henderson,            ) | No. CV 06-323-TUC-FRZ (BPV) |
|                                            ) | |
|      Plaintiff,                      ) | **ORDER** |
|                                            ) | |
| vs.                                    ) | |
|                                            ) | |
| United States Air Force, DMAFB, ) | |
|                                            ) | |
|      Defendants.                ) | |
|                                            ) | |

## **Background**

Plaintiff is a civil service employee of the United States Air Force and Davis-Monthan Air Force Base. Plaintiff filed a Complaint in the United States District Court invoking the jurisdiction of the Court pursuant to the Privacy Act of 1974. *See* 5 U.S.C. § 552a. Plaintiff alleges that the Defendants failed to keep confidential and properly safeguard information as it relates to the IAW Air Force Civilian Drug Testing Agreement. Plaintiff also alleged jurisdiction on other grounds which the Court previously dismissed. *See* Doc. #'s 26, 35. Plaintiff seeks two million dollars in damages.

United States Magistrate Judge Bernardo P. Velasco issued an order to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction regarding Plaintiff's remaining claim under the Privacy Act. After briefing by the parties and due consideration of the issues, Magistrate Judge Velasco issued a Report and Recommendation finding that the Court lacked subject matter jurisdiction. Plaintiff filed objections and

Defendants filed a response stating that the Report and Recommendation properly found that subject matter jurisdiction is lacking in this case.

**Standard of Review**

The Court reviews de novo the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

**Discussion**

A review of Plaintiff's objections does not demonstrate that this Court has subject matter jurisdiction under the circumstances of this case; the objections do nothing to undermine Magistrate Judge Velasco's conclusion that there is no jurisdiction in this case. The Report and Recommendation properly addressed the issues and stated in relevant part:

> Plaintiff asserts that his Privacy Act claim falls under the courts subject matter jurisdiction because 5 U.S.C. § 552a (g)(1) confers such jurisdiction to the district courts, providing that an aggrieved "individual may bring a civil action against the [aggrieving] agency, and the district courts of the United States shall have jurisdiction." 5 U.S.C. § 552a (g)(1). Plaintiff also asserts that the district court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.
> "Federal courts are not courts of general jurisdiction; they have only that power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331 (1986) (citing *Marbury v. Madison*, 1 Cranch (5 U.S.) 137, 173-180, 2 L.Ed. 60 (1803)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Where Congress intends to preclude judicial review by statute, district courts may not exercise subject matter jurisdiction over a claim. *Thunder Basin Coal, Co. v. Reich*, 510 U.S. 200, 207 (1994) . . .
> The Civil Service Reform Act ("CSRA"), enacted in 1978, is an integrated scheme of administrative and judicial review, designed to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration." *See United States. v. Fausto*, 484 U.S. 439, 444. 108 S.Ct. 668 (1988).
> In deciding questions of jurisdiction and preclusion, the Supreme Court has determined that this Court must first ascertain where Plaintiff's claims fit within the statutory scheme as the CSRA provides different treatment for

grievances depending on the nature of the claim. *Whitman v. Dep't of Trasnsp.*, 547 U.S. 512, 514, 126 S.Ct. 2014, 2015 (2006).

The CSRA states that "any collective bargaining agreement ("CBA") shall provide procedures for the settlement of grievances . . . . [T]he procedures shall be the exclusive administrative procedures for resolving grievances which fall within its coverage." 5 U.S.C. § 7121(a)(1) (abbreviation added). The CSRA provides exceptions to these procedures, most relevant to the present case where the conduct of the agency falls within the scope of the CSRA's "prohibited personnel practices." 5 U.S.C. § 7121(d) is controlling where the "prohibited personnel practices" are traditionally discriminatory in nature, which is not the case here as it pertains to the Privacy Act claim. Where all other "prohibited personnel practices" are concerned, 5 U.S.C. § 7121(g) is controlling. Pursuant to § 7121(g), a claimant may elect only one of the following remedies: an appeal to the Merit Systems Protection Board, a negotiated grievance procedure, or procedures under the Office of Special Counsel. 5 U.S.C. § 7121(g)(2)-(3). None of these remedies include judicial review. If the conduct of the agency is characterized by non-discriminatory prohibited personnel practices "then the CSRA's administrative procedures are [a claimant's] only remedy, and the federal courts cannot resolve [a claimant's] claim under the Privacy Act . . . ." *Orsay v. U.S. Dept. of Justice*, 289 F.3d 1125, 1128 (9th Cir. 2002).

In this case, the conduct of the Defendants alleged by Plaintiff's Privacy Act claim would constitute a prohibited personnel practice. The Defendants' alleged failure to maintain records of the Plaintiff, and alleged failure to comply with other provisions of the Privacy Act constitute "personnel actions" that were not made with proper regard to privacy rights. As such these alleged actions are "prohibited personnel practices," triggering the provision of 5 U.S.C. § 7121(g)(2)-(3), which does not allow judicial review as a remedy.

Even if the alleged conduct of the Defendants did not constitute a "prohibited personnel practices," subject matter jurisdiction is nevertheless thwarted by 5 U.S.C. § 7121(a)(1), which provides that the CBA provides the exclusive procedures for remedying any grievances.

The CBA in this case is the Labor Management Agreement between Davis-Monthan Air Force Base and the American Federation of Government Employees, Local 2924. The CBA is applicable to Plaintiff, and it provides that the grievance procedure contained therein is the "exclusive procedure available to the Union and the employees in the bargaining unit for resolving such grievances except as provided in Section 4 of this Article." (Exhibit A, Def.'s Reply to Order to Show Cause, Art. 30, Sec. 3.). The exception in Section 4 is for a "prohibited personnel procedure." Under such an exception, an employee may elect to raise the matter under the negotiated grievance procedure, or under a statutory appellate procedure but not both. Once an employee files a grievance in writing under the negotiated grievance procedure, the employee is considered to have exercised his/her option, and the other procedure is unavailable. Id. at Section 4. This exception does not apply here.

Thus, whether this Court characterizes Defendant's alleged conduct as a "prohibited personnel practice" is immaterial. If the alleged conduct does constitute a "prohibited personnel practice" then 5 U.S.C. § 7121(g) is controlling and there can be no judicial review, and thus the district court has no subject matter jurisdiction over this dispute. If the alleged conduct does not constitute a "prohibited personnel practice" then 5 U.S.C. § 7121(a)(1) is controlling and the CBA, which does not allow for judicial review, provides the exclusive remedy of the negotiated grievance procedure. Following either

path, this Court does not have subject matter jurisdiction over Plaintiff's Privacy Act claim.

*See* Report and Recommendation at 3-6. The Court finds that subject matter jurisdiction is lacking in this case and therefore Plaintiff's objections are denied.

As to any remaining issues that were not objected to by the parties, the Court has reviewed the entire record and concludes that Magistrate Judge Velasco's recommendations are not clearly erroneous. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

**Conclusion**

Accordingly, IT IS HEREBY ORDERED as follows:

(1) United States Magistrate Judge Velasco's Report and Recommendation (Doc. #43) is accepted and adopted.

(2) This case is dismissed with prejudice.

(3) The Clerk of the Court shall enter judgment and close the file in this case.

DATED this 10th day of October, 2008.

FRANK R. ZAPATA
United States District Judge